UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YAJAYRA CABRAL MORETA, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| DAVID WESLING, Field Office Director, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI L. NOEM, U.S. Secretary of Department of Homeland Security; and PAMELA BONDI, U.S. Attorney General, | * * * * * * * * Civil Action No. 1:26-cv-10868-IT |
| Respondents. | * * |

MEMORANDUM & ORDER

March 5, 2026

TALWANI, D.J.

Pending before the court is Petitioner Yajayra Cabral Moreta's Petition for Writ of Habeas Corpus [Doc. No. 1] and Respondents' Motion to Transfer Case [Doc. No. 7]. For the following reasons, Respondents' Motion is DENIED and the Petition is GRANTED as set forth below.

**I. Background**

Petitioner is a citizen and national of the Dominican Republic who lives in Massachusetts. See Pet. ¶¶ 2–3 [Doc. No. 1]. On February 12, 2026, Petitioner checked in as scheduled in Burlington, Massachusetts, at U.S. Immigration and Customs Enforcement's ("ICE") Field Office, where ICE arrested and detained her. See id. ¶ 5; see also Krzyzek Decl. ¶ 10 [Doc. No. 7-1] ("ICE officers encountered Petitioner during her compliance check in, and

took her into custody."). At the time she was detained, her immigration counsel had filed a formal appearance with the Department of Homeland Security on Petitioner's behalf, see Form G-28 [Doc. No. 8-3], but counsel reportedly was not notified of Petitioner's detention, see Pet.'s Opp'n 2 [Doc. No. 8].

The following day, February 13, 2026, at approximately 3:35 p.m., ICE transported Petitioner from its Burlington Field Office to the Chittenden Regional Correctional Facility in Burlington, Vermont, where she arrived at approximately 7:15 p.m. See Krzyzek Decl. ¶¶ 11–15 [Doc. No. 7-1].

Petitioner's counsel filed this habeas Petition [Doc. No. 1] roughly two hours later, at 9:36 p.m., on February 13, 2026. At the time of filing, ICE's Detainee Locator System provided no information as to Petitioner's current detention facility but advised family members and legal representatives that they may be able to obtain additional information about her from the Boston, Massachusetts Docket Control Office for Enforcement and Removal Operations. See Screenshot of Detainee Locator Sys. [Doc. No. 8-2].

The court's Emergency Order Concerning Stay of Transfer or Removal [Doc. No. 2] was entered and served the same evening. Following the holiday weekend, on February 17, 2026, the matter was assigned to this session, see Elec. Notice of Case Assignment [Doc. No. 3], and the court directed Respondents to file their response to the Petition in 48 hours, see Order Concerning Serv. of Pet. and Stay of Transfer or Removal 2 [Doc. No. 4].

On February 19, 2026, Respondents filed the pending Motion to Transfer [Doc. No. 7] this case to the U.S. District Court for the District of Vermont.[1]

---

[1] Respondents acknowledged that their response was due at 10:07 a.m. and requested that the court consider the motion *nunc pro tunc*. Mot. to Transfer 1 n.1 [Doc. No. 7]. That request is

2

II. **Motion to Transfer**

Citing <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004), Respondents assert that this court lacks jurisdiction over the <u>Petition</u> [Doc. No. 1] because Vermont is currently and has been the district of Petitioner's confinement since she filed her Petition on February 13, 2026, and because Petitioner's immediate custodian, the warden of the Chittenden Regional Correctional Facility, is in Vermont. <u>See</u> Resp.'s Mot. 2–3 [Doc. No. 7]; Krzyzek Decl. ¶¶ 10–15 [Doc. No. 7-1]. Petitioner argues in opposition that this court retains jurisdiction over the <u>Petition</u> [Doc. No. 1], pursuant to the unknown custodian exception. <u>See</u> Pet.'s Opp'n 2–3 [Doc. No. 8].

As a general rule, jurisdiction "for core habeas petitions challenging present physical confinement . . . lies in only one district: the district of confinement." <u>Padilla</u>, 542 U.S. at 443. The Supreme Court has recognized an exception to this rule, however, explaining that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." <u>Id.</u> at 450 n.18 (citing <u>Demjanjuk v. Meese</u>, 784 F.2d 1114, 1116 (D.C. Cir. 1986)). The "unknown custodian exception," as it is known, "is critical because a detainee must always have an available forum for a habeas petition, even if the government doesn't disclose their location," <u>Suri v. Trump</u>, 2025 WL 1806692, at *5 (4th Cir. July 1, 2025).

At the time of filing the <u>Petition</u> [Doc. No. 1], Petitioner's location was unknown, as ICE failed to disclose Petitioner's district of confinement to Petitioner's attorney or family, despite a notice of appearance by immigration counsel. <u>See</u> Form G-28 [Doc. No. 8-3]. At that moment, the only information available was that ICE detained Petitioner in Massachusetts. <u>See</u> Screenshot

---

granted, but the court notes that Respondents have filed no further Response (timely or otherwise) to the <u>Petition</u> [Doc. No. 1].

3

of Detainee Locator Sys. [Doc. No. 8-2]. ICE's online Detainee Locator System reported Petitioner's location as unknown, and the same System directed interested parties to call the Boston Docket Control Office for more information. Id. Given these undisputed facts, the court finds that Respondents were "not forthcoming with respect to . . . [Petitioner's] place of detention," Padilla, 542 U.S. at 454 (Kennedy, J. concurring), and despite a "reasonably diligent effort" by Petitioner's attorney to find such information on Petitioner's behalf, counsel was unable to determine Petitioner's location at the time of filing. Suri v. Trump, 785 F. Supp. 3d 128, 143–44 (E.D. Va. 2025). Therefore, the court retains subject matter jurisdiction over the Petition [Doc. No. 1], pursuant to the unknown custodian exception, and Respondents' request to transfer it to the District of Vermont is denied. See Aleksander B. v. Trump, 2026 WL 172435, at *3 (D. Minn. Jan. 22, 2026) (collecting cases denying transfer in similar circumstances).

### III. Habeas Petition

Respondents do not contest that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225. Because Petitioner entered the United States and was released on parole in December 2021, she is not an applicant for admission subject to mandatory detention. See Pet. ¶ 4 [Doc. No. 1]; Krzyzek Decl. ¶¶ 7–9 [Doc. No. 7-1]; Doe v. Moniz, 800 F. Supp. 3d 203, 211 (D. Mass. Sept. 5, 2025). The court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching the same conclusion).

## IV.   Conclusion

Accordingly, Respondents' Motion to Transfer Case [Doc. No. 7] is DENIED and the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than March 16, 2026, Cabral Moreta must be returned to the District of Massachusetts and provided a bond hearing pursuant to 8 U.S.C. § 1226(a), or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Hernandez-Reyes in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

March 5, 2026                                                            /s/ Indira Talwani
                                                                                    United States District Judge